**Martin K. Little, Appellant,**

v.

**Rose Mary Begay, Appellee.**

**Decided August 27, 1998**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Lee R. Belone, Esq., Window Rock, Navajo Nation (Arizona), for the Appellant; and John Chapela, Esq., Window Rock, Navajo Nation (Arizona), for the Appellee.

Opinion delivered by CADMAN, Associate Justice.

This is an appeal of an order of the Chinle Family Court denying a motion to set aside an award of child support. Martin K. Little ("Appellant") contends that the family court abused its discretion by failing to consider his five other minor children, and by incorrectly applying the Navajo Nation Child Support Guidelines. We decide this appeal on the briefs alone, and hold that the family court did not abuse its discretion in denying the Appellant's motion.

## I

On August 11, 1994, the Chinle Family Court issued a consent decree declaring the Appellant "to be the natural and biological father of the minor child" born to Rose Mary Begay ("Appellee"). The order did not award any child support and the court's findings state "[t]hat the respondent has executed a Relinquishment of Parental Rights in a companion action and shall not be required to pay child support to the petitioner, unless the parental rights of the respondent are not terminated by subsequent action." Declaration of Paternity, No. CH-FC-137-94, Para. 3 (Aug. 11, 1994).

On August 7, 1996, the Appellee filed a petition for child support. After a final hearing on November 5, 1996, the Chinle Family Court modified the August 11, 1994 order by: 1) affirming the Appellant as the biological father of the minor child; 2) awarding physical custody of the minor child to the Appellee and reasonable visitation rights to the Appellant; 3) ordering the Appellant to pay child support in the amount of $633.00 per month; and 4) ordering the Appellant to include the minor child in his medical/dental/insurance plans. Opinion and Order

Awarding Child Support, No. CH-FC-148-96 (Jan. 8, 1997). The Appellant did not appeal this order.

On June 27, 1997, the Appellant filed a motion under Nav. R. Civ. P. 60(c) (6) to set aside the January 8, 1997 judgment awarding child support. The Appellant contended that the family court did not consider the needs of his other five minor children, and did not correctly apply the Navajo Nation Child Support Guidelines in determining an equitable amount of child support. On August 5, 1997, the family court denied the motion to set aside the judgment and the appellant appealed that denial.

## II

The Appellant improperly raises issues decided in the August 11, 1994 order, and the January 8, 1997 judgment in this appeal. Those family court decisions were never appealed and this Court will not take jurisdiction of them simply because the Appellant has raised them in his appeal. The only issue properly before us is whether the Chinle Family Court abused its discretion in denying the Appellant's June 27, 1997 motion to set aside the judgment awarding child support.

## III

In reviewing discretion, the question is whether the court acted within the rules, principles, and customs properly applied to the facts of the case. *Platero v. Mike*, 7 Nav. R. 130, 132 (1995). We will not overturn a trial court's discretionary decision unless the record clearly shows that the discretion was abused. *Benally v. Navajo Housing Authority*, 3 Nav. R. 55, 56 (1981). In this case, we find that the family court did not abuse its discretion in denying the Appellant's motion to set aside the judgment awarding child support.

The Appellant did not appeal the January 8, 1997 judgment awarding child support, but instead chose to file a motion to set aside the judgment some five months later using Rule 60(c) (6). The Appellant's motion raised the same issues concerning the declaration of paternity that were decided in the August 11, 1994 order and affirmed in the January 8, 1997 judgment. The decisions on those issues were never appealed, and the family court was correct in not dealing with them, absent new evidence. This Court does not have jurisdiction over the paternity issues.

The Navajo Nation Child Support Guidelines are based on the Income Shares Model which is predicated on the concept that the child should receive the same level of support that he or she would have received if the parents had lived or remained together. The family court may deviate from the guidelines upon finding that all of the following five criteria have been met:

> a) Application of the guidelines is inappropriate or unjust in the particular case; and

b)  Deviation is in the best interest of the child(ren) for whom the child support obligation is being established; and

c)  The Office of Hearings and Appeals or court states what award amount is calculated by application of the guidelines; and

d)  The Office of Hearings and Appeals or court states the amount of child support which is actually awarded after the deviation.

e)  The Office of Hearings and Appeals or court makes written findings regarding items (a) through (d), above.

Navajo Nation Child Support Guidelines, § IV(A) at 4 (1996). The record shows that the family court did not deviate from the guidelines because the Appellant did not prove all of the five criteria in § IV(A). The Appellant obviously did not persuade the family court that the Navajo Nation Child Support Guidelines did not take into consideration the needs of his other children. We are also not persuaded.

The record reflects that two of the Appellant's children reside in Tuba City, Arizona with their mother, one child resides in Flagstaff, Arizona with her grandmother, and two children currently reside with the Appellant. (Tr. at 15-16). The record further reflects that the family court considered the circumstances of these children in awarding child support. (Tr. at 40). Accordingly, the family court correctly applied the Navajo Nation Child Support Guidelines.

The family court properly found that the minor child needs $844.00 per month in support, and took into account each parent's income utilizing a worksheet, which determined the Appellant's amount of support to be seventy-five per cent ($633.00 per month) and the Appellee's to be twenty-five per cent ($211.00 per month) of the child's monthly needs. In computing the percentages of support, the family court utilized Worksheet A from the Navajo Nation Child Support Guidelines.

The Appellant presents a modified version of Worksheet A, which incorrectly deducts the Appellee's child care expenses from his percentage of support in an attempt to reduce the amount of his obligation from $633.00 to $453.00 per month. It is the Appellant, and not the family court, who misapplies the Navajo Nation Child Support Guidelines.

In the absence of a clear showing of lack of jurisdiction, fraud, or other grounds which are inconsistent with justice, a judgment of a Navajo Nation court is deemed valid. *Begay v. Keedah*, 6 Nav. R. 416, 418 (1991) (citing *Navajo Engineering & Construction Authority v. Nobel*, 5 Nav. R. 1, 3 (1984)). The Appellant failed to meet his burden of showing that the family court clearly abused its discretion in denying his motion. Accordingly, the Chinle Family Court's denial of the Appellant's motion to set aside the judgment awarding child support is affimed.